## FILDES v. WILLIAMSON.
### Patent Appeal No. 3861.

Court of Customs and Patent Appeals.
Dec. 6, 1937.

Fraley & Paul, of Philadelphia, Pa. (Henry N. Paul and Henry N. Paul, Jr., both of Philadelphia, Pa., of counsel), for appellant.

Joseph Harris, of Redlands, Cal. (Samuel Reese, of Cleveland, Ohio, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in an interference proceeding from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner of Interferences awarding priority of invention of the subject matter in issue to appellee.

The issue embraces four counts, numbered 1 to 4, inclusive, of which count 1 is illustrative; it reads as follows:

"1. A shipping container of the character described having side walls, top and walls of sheet metal, separate horizontal and vertical binding strips terminating short of the upper corners of the container and connecting its top and side walls with the end walls and corner pieces continuous with the horizontal and vertical binding strips aforesaid, connecting the top, side and end walls of the container and completely filling in the intervals between the binding strips, the said corner pieces being integrally formed with hooks for engagement by lifting tackle."

The interference is between a patent, No. 1,868,633, issued to appellant, and an application filed by appellee. Appellant's patent was issued on July 26, 1932, upon an application filed January 23, 1931. Appellee's application was filed on April 22, 1931. Inasmuch as appellee's application was copending with appellant's application at the time of the issue of said patent, appellant derived no advantage from such issue.

The invention involved, as set forth in appellant's patent and in appellee's application, relates to improvements in containers for use with railroad equipment in the transportation of merchandise. Appellant's patent states:

"This invention relates to shipping containers such as are used in making shipments in separate consignments by railroad, and which are separately removable from special cars designed to support them in transit.

"Containers of the type referred to are ordinarily constructed with sheet metal top, side and end walls; and it has been the practice heretofore to connect these side walls, top and end walls by angle strips which extend continuously around their perimetric edges meeting at opposite ends of the structures.

"The bending of these continuous binding strips into conformity with the upper corners of the container was extremely difficult of accomplishment in view of the sharpness of the angle and often precluded the formation of weathertight junctures.

"One object of my invention is to overcome the above indicated drawbacks through use of separate horizontal and vertical strips terminating short of the upper corners of the containers, and through provision of corner pieces to connect the container walls in the intervals between the separate binding strips aforesaid.

"In addition to the foregoing, I aim to embody in the corner pieces, hooks for engagement by lifting tackle incident to placement and removal of the containers with respect to the supporting cars.

"Other objects and attendant advantages of this invention will be manifest from the detailed description following in connection with the attached drawing, whereof Fig. I is a view showing, in side elevation, a fragmentary portion of a shipping container embodying the present improvements."

Appellee copied, for the purpose of interference, the four claims from appellant's patent corresponding to the counts here in issue.

Following the declaration of interference both parties filed preliminary statements, and thereafter appellant moved to dissolve the interference upon the ground that appellee's application does not support the counts.

This motion was denied by the Primary Examiner. Thereafter testimony was taken by both parties. Inasmuch as appellant claimed that the evidence submitted was relevant to the question of appellee's right to make the claims corresponding to the counts, raised upon appellant's motion to dissolve, the Examiner of Interferences re-examined that question and held that all of the elements of the involved counts were disclosed in appellee's application.

Upon the merits of the case he held that appellee was the first to conceive the invention and that he fully disclosed it to appellant. He therefore awarded priority of invention as to each of the counts in issue to appellee.

Upon appeal the Board of Appeals affirmed the decision of the examiner, expressly holding that appellee's application supports the counts, and that appellant derived the invention from appellee.

Appellant has appealed to this court. Before us he does not contest the finding of the Patent Office tribunals that he derived the invention from appellee, but expressly confines his appeal to the question of whether appellee's application discloses the subject matter of the counts in issue, and his reasons of appeal relate wholly to that subject.

Appellant's notice of appeal reads as follows:

"And Now comes Frederick K. Fildes, by Fraley & Paul, his attorneys, and gives notice to the Commissioner of Patents of his appeal to the United States Court of Customs and Patent Appeals from the decision of the Board of Appeals rendered on or about June 23, 1936, awarding priority of invention to Clarence H. Williamson in the above entitled case, and assigns as his reasons of appeal the following:

"1. The Board of Appeals erred in holding that Williamson's application discloses the subject matter of the counts in issue.

"2. The Board of Appeals erred in holding that the 'slip effect' or 'slip joint' which is the essence of the invention, could be presumed to be disclosed in Williamson's application, although not shown or described therein, because such a joint would be selected as a matter of course.

"3. The Board of Appeals erred specifically in holding that a disclosure can be predicated upon pure speculation.

"Notice is hereby given that the party Fildes in the presentation of this Appeal, confines the issue to the matter of disclosure of the invention in Williamson's application; and that in preparing the record for the Court of Customs and Patent Appeals, the party Fildes will ask that only such of the testimony and exhibits as bear directly upon the issue of disclosure shall be incorporated in the printed record."

Prior to the hearing of this case upon its merits, appellee moved to dismiss the appeal upon the ground that this court is without jurisdiction to entertain the appeal. This motion was heard by us at the same time that oral arguments were presented upon the merits of the case, and decision upon such motion was reserved.

It is appellee's position that the reasons of appeal do not assign any error of the Board of Appeals in awarding priority of invention to appellee, and that in his reasons of appeal appellant deliberately excluded the issue of priority and confined the issue to the matter of disclosure of the invention in appellee's application. Appellee also contends that the reasons of appeal are not sufficiently specific to comply with the statute, section 4911, R.S. (as amended, 35 U.S.C.A. § 59a).

■ The motion to dismiss the appeal is denied. In an interference proceeding, where there has been an award of priority, the question of the right of one of the parties to make claims corresponding to the counts is a question ancillary to the question of priority and is properly considered upon an appeal from a decision awarding priority of invention to one of the parties. This is so well established and constantly observed as to require no citation of authority. While appellee contends that, under the peculiar facts existing in this case, this rule should not prevail, we see no reason why it should not. If appellee's application does not support the involved counts, any testimony with respect to priority of invention, or as to whether appellant derived the invention from appellee, is wholly immaterial, for if appellee cannot make the claims corresponding to the counts, there never was any interference in fact between the parties.

■ Upon the question of whether appellant's reasons of appeal are sufficiently specific to comply with the statute, section 4911, R.S., we hold that the first reason of appeal, hereinbefore quoted, is sufficiently specific to present the only issue before us, and it is therefore unnecessary to consider appellant's other reasons of appeal, for they all bear upon the subject-matter of appellant's first reason of appeal.

This brings us to a consideration of the merits of appellant's appeal, and the only question before us for determination is whether appellee's application discloses the elements of the counts such as "separate horizontal and vertical binding strips terminating short of the upper corners of the container * * * and corner pieces * * * completely filling in the intervals between the binding strips," as set forth in count No. 1.

Appellee discloses a container having four corner posts, Z–bar end plates, and Z–bar side plates. It is conceded that the corner posts constitute vertical binding strips, and that the Z–bar side plates constitute horizontal binding strips, but it is appellant's contention that there is no disclosure in appellee's application that such horizontal and vertical binding strips terminate short of the upper corners of the container, and that there is no disclosure that the corner pieces completely fill in the intervals between the binding strips.

Appellee's application states:

"At the upper corners, the side and end Z–bar plates and the corner posts are

secured together by other castings 29-29, the details of which are best illustrated in Figures 1, 3 and 4. As clear from the drawings, each of the side and end Z-bar plates is arranged with the web 30 thereof disposed horizontally, the inner flange 31 extending vertically upward and the outer flange 32 extending vertically downward. Each of the corner castings 29 is conformed to the Z-bar plates, as clearly shown in Figures 3 and 4 and also to the slope or pitch of the side plates, as shown, said castings being riveted both to the vertical flanges 31 of the Z-bars, as indicated at 33-33 and to the depending flanges 32, as indicated at 34-34. Each of said castings 29 is also provided with a depending right angular corner section conforming to the angular corner post 21 and to which the latter are riveted, as indicated at 35-35. The corner castings 29 are each formed with an upstanding lifting hook 36 to permit the attachment of a sling and the handling of a container by a crane in the usual manner."

Figure 4, referred to in the above quotation, clearly discloses that the horizontal Z-bar side plate terminates short of the corner of the container, for between the end of said last named plate and the corner is plainly seen the end of the Z-bar end plate. In said figure a vertical corner post is shown, which, as we view the drawing, terminates short of the corner of the container because in the drawing the corner consists wholly of the corner piece, the end of the Z-bar end plate and the wall of the container. The drawing shows an offset in the corner piece at the point that it comes in contact with the corner post, indicating that at such point the upper end of the corner post terminates. With respect to the question of whether the corner pieces completely fill the intervals between the binding strips, we are of the opinion that appellee's application discloses this feature. Again referring to Figure 4 of appellee's drawings, assuming that the Z-bar end plates terminate at the upper corner of the container, the corner piece as shown in said drawing completely fills such interval as exists between appellee's vertical corner post and the end of his horizontal Z-bar plate.

It is our opinion that appellee's application, taken as a whole, supports the counts here involved.

We are not unmindful of the rule that, with certain exceptions, in interference cases counts will be given the broadest interpretation that their terms may reasonably permit, but express limitations should not be ignored; neither are we permitted to read into counts limitations not there expressed.

Much of appellant's argument is directed to the contention that the invention here involved lies in a "slip joint" corner construction for a railway container, and that appellee does not disclose such a "slip joint." With respect to this contention we would observe that there is nothing in the counts with respect to a "slip joint," nor is any construction described therein that would necessarily result in a "slip joint." While not material, it may be observed that a "slip joint" is not mentioned in appellant's patent. Irrespective of whether or not appellee discloses a "slip joint," we are satisfied that his disclosure supports each element of the counts here involved, and he is therefore entitled to make the claims corresponding to the involved counts.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.